# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRESCENT ELECTRIC SUPPLY COMPANY,<br><br>         Plaintiff,<br><br>v.<br><br>COATES ELECTRIC LLC and BRODY COATES,<br><br>         Defendants. | Case No. 18-CV-1920-JPS<br><br>**ORDER** |

## 1.   INTRODUCTION

On December 6, 2018, Plaintiff Crescent Electric Supply Company ("Crescent") filed this action alleging that Defendants Coates Electric LLC and its principal Brody Coates (collectively, "Coates"), breached the statutorily-based fiduciary duty that exists between a contractor and a supplier under Wis. Stat. §§ 799.05(2) and/or 799.16. (Docket #1).

Now before the Court is Coates' motion to dismiss for failure to state a claim. (Docket #4). For the reasons explained below, it will be denied.

## 2.   STANDARD OF REVIEW

Coates has moved to dismiss Crescent's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In reviewing Crescent's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [Plaintiff's] favor[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016).

## 3. RELEVANT ALLEGATIONS

The factual allegations of this case are few and straightforward. Coates performed work as a subcontractor on three projects in Wisconsin. The Court presumes these were building projects and that the work occurred in or around 2018, but the complaint does not specify. Over several months in 2018, Coates purchased certain supplies for these projects from Crescent, including electrical supplies, equipment, and fixtures. Coates has allegedly been paid in full for its work as a subcontractor on the Wisconsin projects. However, despite having been paid in full, it has not, in turn, paid Crescent for the supplies Crescent provided for the projects.

Crescent brings a single cause of action for theft by contractor under Wis. Stats. § 779.02(5) and/or § 779.16. (Docket #1 at 3).[1]

---

[1] Section 779.02(5) safeguards against contractor misappropriation in private construction projects. Section 779.16 applies to public improvement projects. For simplicity's sake, the Court will refer only to Section 779.02(5), as the differences between causes of action under these two subsections are not relevant to the outcome of the instant motion.

4.  **DISCUSSION**

Coates' only argument for dismissal of Crescent's claim is based on the choice-of-law provision in Crescent's terms and conditions, which are referenced on its invoices to Coates. That provision provides that "[t]he validity, construction, and performance of any agreement will be governed by the laws of the State of Iowa without regard to conflicts of laws principles thereof." *See* (Docket #5-1).[2] Coates argues that because the parties chose Iowa law to govern their agreement, Crescent's claim for nonpayment of its invoices is subject to Iowa law, and Crescent therefore cannot bring a claim under a Wisconsin statute.

Crescent counters that the choice-of-law provision in its terms and conditions does not apply to its claim in this case because civil theft by contractor pursuant to Wis. Stat. § 779.02(5) is an intentional tort. Simple nonpayment—*i.e.* breach of contract—is not the issue here, Crescent says; the issue before the Court involves trust funds held in Wisconsin for Wisconsin-based projects and theft of those funds by Coates, a Wisconsin-based contractor.

The parties agree that this Court should apply Wisconsin's choice-of-law rules to determine the law governing this case, because a court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *See Assembly Component Sys., Inc. v. Platinum Equity, L.L.C.*, No. 09-CV-778, 2010 WL 2719978, at *6 (E.D. Wis. July 7, 2010). In Wisconsin, courts use different choice-of-law methodologies for contract cases and for tort

---

[2]The Court takes judicial notice of Crescent's terms and conditions, a copy of which are attached to Coates' motion to dismiss, and which are also publicly available at http://www.cesco.com/tc. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (matters of public record are subject to judicial notice in resolving a motion to dismiss).

cases. *Glaeske v. Shaw*, 661 N.W.2d 420, 427 (Wis. Ct. App. 2003). In contract cases, courts apply the law of the jurisdiction with which the contract has its most significant relationship. *Id.* In tort cases, courts begin with the presumption that the law of the forum applies unless nonforum contacts are of greater significance. *Id*. If neither potential forum has clearly more significant contacts, the court moves on to analyze five "choice influencing factors," including predictability of results, maintenance of interstate and international order, simplification of the judicial task, advancement of the forum's governmental interests, and application of the better rule of law. *Id.* Given the difference in the tests for contract and tort actions, and because the choice-of-law provision in Crescent's terms and conditions only applies to contract-related claims, the Court must decide whether Crescent's claim sounds in contract or tort.

The theft-by-contractor statute under which Crescent alleges its claim, Wis. Stat. § 779.02(5), is part of the Wisconsin Construction Lien Law. *See Kraemer Bros. v. Pulaski State Bank*, 406 N.W.2d 379, 381 (Wis. 1987). These laws originated more than a century ago to encourage construction by protecting building-project "subcontractors and material suppliers by making money paid by the owner to the contractors and subcontractors a trust fund for the subcontractors and material suppliers." *Id.* Accordingly, the theft-by-contractor statute imposes a "trust" in favor of due or about-to-become-due claims of subcontractors and suppliers on all funds paid by the owner to the contractor, and it also imposes personal liability on the contractor for breach of that trust. *See Capital City Sheet Metal, Inc. v. Voytovich*, 578 N.W.2d 643, 644 (Wis. Ct. App. 1998).

A successful plaintiff in a theft-by-contractor action can also collect treble damages from the violator, if it proves a requisite level of criminal

intent. *See Tri-Tech Corp. of Am. v. Americomp Servs., Inc.*, 646 N.W.2d 822, 828 (Wis. 2002) (Treble damages are available for civil theft by contractor, provided that statutory elements of both civil and criminal theft by contractor are proven to civil preponderance burden of proof.). It's no wonder, then, why Crescent has alleged a violation of the theft-by-contractor statute instead of a simple breach of contract claim.

Importantly for the Court's analysis in this case, Wisconsin courts have found that the theft-by-contractor statute creates a fiduciary relationship between contractors and subcontractors or suppliers. *Loehrke v. Wanta Builders, Inc.*, 445 N.W.2d 717, 720 (Wis. Ct. App. 1989). Breach of that fiduciary duty is a tort. *Id.* at 721 ("The complaint alleged a prime contractor-subcontractor relationship on a public improvement project and payment by the county to the prime contractor. . . . The complaint [also] alleged that the prime contractor refused to pay the subcontractor the amount due the latter. The complaint therefore pleaded facts comprising a tort[.]").

True, the tort duty in this case coincides with a contractual duty. In other words, Coates is correct that it has a contractual obligation to pay Crescent for the supplies it purchased from Crescent, and nonpayment could form the basis of a breach of contract claim that would be governed by the terms of the parties' agreement. But that does not mean any claim that might accrue based on the parties' relationship arises from the contract. Tort and contract obligations may coincide, in which case either a contract or a tort action could lie for a breach. *Id.* at 720 ("A tort duty coincides with a contractual obligation when the breaching party has a fiduciary duty to the other party.").

In this case, Crescent has pleaded facts constituting a fiduciary duty and its breach; its claim therefore sounds in tort. Therefore, the choice-of-law provision in Crescent's terms and conditions—which applies to claims concerning the "validity, construction, and performance of any agreement" between the parties—does not govern the claim in this case. To determine what state's law applies to the tort alleged in this case, the Court will apply the choice of law principles Wisconsin courts use in tort actions. Recall that this analysis begins with the presumption that the law of the forum applies unless nonforum contacts are of greater significance.

Crescent argues that Wisconsin law should apply because Wisconsin contacts are far greater and more significant than those of Iowa in this case. Iowa's only connection to this case through the choice-of-law provisions in Crescent's terms and conditions. Wisconsin, on the other hand, is where both defendants are residents, where all of the goods were delivered, and where all of Coates' projects were located.

Coates chose not to respond to Crescent's argument regarding the choice of law test in tort cases, relying exclusively on its position that Crescent's claim sounds in contract. Coates stated in a footnote in its reply brief that "[b]ecause the choice-of-law provision [in Crescent's terms and conditions] covers Crescent's claim, it is unnecessary for Defendants to address Wisconsin's choice-of-law methodology for tort cases where there is no choice-of-law provision agreed upon by the parties." (Docket #9 at 3).

The Court finds no reason to disagree with Crescent's (unopposed) position that Wisconsin has greater and more significant contacts to this case than any other potential forum. Therefore, Wisconsin substantive law will govern this action, and Crescent has stated a viable claim under Wisconsin law. Coates' motion to dismiss must be denied.

5.  **CONCLUSION**

For the reasons discussed herein, the Court finds that Wisconsin substantive law governs this action for theft by contractor. Coates' motion to dismiss for failure to state a claim will be denied.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #4) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge